Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Richard R. Barker
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 22 2022

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:22-cr-00083-TOR-2 |
| Plaintiff, | Plea Agreement |
| v. | |
| OPAL ANN MCCLURE, | |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and Richard R. Barker, Assistant United States Attorney for the Eastern District of Washington, and Defendant Opal Ann McClure ("Defendant"), both individually and by and through Defendant's counsel, Zachary Lynn Ayers, agree to the following Plea Agreement.

1.   <u>Guilty Plea and Maximum Statutory Penalties</u>

Defendant agrees to enter a plea of guilty to Count 1 of the Superseding Indictment filed on October 18, 2022, which charges Defendant with passing counterfeit currency, in violation of 18 U.S.C. § 472, a Class C felony.

Defendant understands that the following potential penalties apply:

    a.    a term of imprisonment up to 20 years;

    b.    a term of supervised release up to three years;

PLEA AGREEMENT - 1

1    c. a fine of up to $250,000;

2    d. restitution; and

3    e. a $100 special penalty assessment.

4  2. <u>Supervised Release</u>

5  Defendant understands that if Defendant violates any condition of

6 Defendant's supervised release, the Court may revoke Defendant's term of

7 supervised release, and require Defendant to serve in prison all or part of the term

8 of supervised release authorized by statute for the offense that resulted in such term

9 of supervised release without credit for time previously served on postrelease

10 supervision, up to the following terms:

11    a. 5 years in prison if the offense that resulted in the term of

12      Supervised Release is a class A felony,

13    b. 3 years in prison if the offense that resulted in the term of

14      Supervised Release is a class B felony, and/or

15    c. 2 years in prison if the offense that resulted in the term of

16      Supervised Release is a class C felony.

17  Accordingly, Defendant understands that if Defendant commits one or more

18 violations of supervised release, Defendant could serve a total term of

19 incarceration greater than the maximum sentence authorized by statute for

20 Defendant's offense or offenses of conviction.

21  3. <u>The Court is Not a Party to this Plea Agreement</u>

22  The Court is not a party to this Plea Agreement and may accept or reject it.

23 Defendant acknowledges that no promises of any type have been made to

24 Defendant with respect to the sentence the Court will impose in this matter.

25  Defendant understands the following:

26    a. sentencing is a matter solely within the discretion of the Court;

27    b. the Court is under no obligation to accept any recommendations

28      made by the United States or Defendant;

PLEA AGREEMENT - 2

c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e.    the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

f.    the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4.    <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

a.    pleading guilty in this case may have immigration consequences;

b.    a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c.    removal from the United States and other immigration consequences are the subject of separate proceedings; and

d.    no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5.    <u>Waiver of Constitutional Rights</u>

PLEA AGREEMENT - 3

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

      a.     the right to a jury trial;

      b.     the right to see, hear and question the witnesses;

      c.     the right to remain silent at trial;

      d.     the right to testify at trial; and

      e.     the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.    <u>Elements of the Offense</u>

The United States and Defendant agree that in order to convict Defendant of Passing Counterfeit Currency, in violation of 18 U.S.C. § 472, the United States would have to prove the following beyond a reasonable doubt.

*First*, on or about March 9, 2019, in the Eastern District of Washington, Defendant knowingly passed two (2) falsely made, forged, and counterfeited $50 Federal Reserve Notes (FRNs) bearing serial number ME36118668A, to the Super Wash Laundromat in Spokane Washington;

*Second*, Defendant knew the FRNs were counterfeit;

*Third,* Defendant acted with intent to defraud.

7.    <u>Factual Basis and Statement of Facts</u>

PLEA AGREEMENT - 4

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On March 9, 2019, MCCLURE and BACON passed two $50 counterfeit Federal Reserve Notes at the Super Wash Laundromat located at 1632 West 2nd Avenue in Spokane. The clerk who received the counterfeit notes, identified both MCCLURE and BACON, who were together, as the individuals who passed the notes from the surveillance video at the Super Wash Laundromat.

In subsequent statements to law enforcement, both MCCLURE and BACON admitted to passing counterfeit notes. According to MCCLURE, she obtained the counterfeit notes from JOSHUA MCFARLAND.

8.    The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss Count 5 of the Superseding Indictment filed on October 18, 2022, which charges Defendant with Failure to Appear after Pretrial Release, in violation of 18 U.S.C. § 3146(a)(1), (b)(1)(A)(i).

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Superseding Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

9.    United States Sentencing Guidelines Calculations

PLEA AGREEMENT - 5

1    Defendant understands and acknowledges that the United States Sentencing

2    Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine

3    Defendant's advisory range at the time of sentencing, pursuant to the Guidelines.

4    The United States and Defendant agree to the following Guidelines calculations.

5            a.    Base Offense Level

6    The United States and the Defendant agree that the base offense level for

7    Passing Counterfeit Currency is 9.  U.S.S.G. § 2B5.1(a).

8            b.    Acceptance of Responsibility

9    The United States will recommend that Defendant receive a two-level

10    downward adjustment for acceptance of responsibility, pursuant to U.S.S.G.

11    § 3E1.1(a) if Defendant does the following:

12                i.    accepts this Plea Agreement;

13               ii.    enters a guilty plea at the first Court hearing that takes

14                      place after the United States offers this Plea Agreement;

15              iii.    demonstrates recognition and affirmative acceptance of

16                      Defendant's personal responsibility for Defendant's

17                      criminal conduct;

18              iv.    provides complete and accurate information during the

19                      sentencing process; and

20                v.    does not commit any obstructive conduct.

21    The United States and Defendant agree that at its option and on written

22    notice to Defendant, the United States may elect not to recommend a reduction for

23    acceptance of responsibility if, prior to the imposition of sentence, Defendant is

24    charged with, or convicted of, any criminal offense, or if Defendant tests positive

25    for any controlled substance.

26            c.    No Other Agreements

27    The United States and Defendant have no other agreements regarding the

28    Guidelines or the application of any Guidelines enhancements, departures, or

PLEA AGREEMENT - 6

1  variances.  Defendant understands and acknowledges that the United States is free

2  to make any sentencing arguments it sees fit, including arguments arising from

3  Defendant's uncharged conduct, conduct set forth in charges that will be dismissed

4  pursuant to this Agreement, and Defendant's relevant conduct.

5          d.  <u>Criminal History</u>

6        The United States and Defendant have no agreement and make no

7  representations about Defendant's criminal history category, which will be

8  determined by the Court after the United States Probation Office prepares and

9  discloses a Presentence Investigative Report.

10       10.  <u>Incarceration</u>

11        The United States agrees to recommend a sentence no higher than six

12  months' incarceration.  Defendant may recommend any legal sentence.

13       11.  <u>Supervised Release</u>

14        The United States and Defendant each agree to recommend 3 years of

15  supervised release.  Defendant agrees that the Court's decision regarding the

16  conditions of Defendant's Supervised Release is final and non-appealable; that is,

17  even if Defendant is unhappy with the conditions of Supervised Release ordered by

18  the Court, that will not be a basis for Defendant to withdraw Defendant's guilty

19  plea, withdraw from this Plea Agreement, or appeal Defendant's conviction,

20  sentence, or any term of Supervised Release.

21        The United States and Defendant agree to recommend that in addition to the

22  standard conditions of supervised release imposed in all cases in this District, the

23  Court should also impose the following conditions:

24          a.  The United States Probation Officer may conduct, upon

25                reasonable suspicion, and with or without notice, a search of

26                Defendant's person, residences, offices, vehicles, belongings,

27                and areas under Defendant's exclusive or joint control.

28

PLEA AGREEMENT - 7

b.    Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

c.    Defendant shall complete mental health evaluations and treatment, including taking medications prescribed by the treatment provider.  Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider.  Defendant shall contribute to the cost of treatment according to the Defendant's ability.

12.    Criminal Fine

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine.  Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

13.    Judicial Forfeiture

Defendant agrees to voluntarily forfeit and relinquish to the United States all right, title and interest in all assets listed herein, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets, including, but not limited to all counterfeits of any coins, obligation, or other Securities of the United States. Defendant stipulates that Defendant is the sole owner of the assets listed above and that no one else has an interest in these assets.

Defendant acknowledges that the assets listed above, which Defendant is agreeing to forfeit, are subject to forfeiture as property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense to which Defendant is pleading guilty.

PLEA AGREEMENT - 8

Defendant agrees to take all steps requested by the United States to pass clear title to these assets to the United States, and to testify truthfully in any forfeiture proceeding.

Defendant agrees to hold harmless all law enforcement agents/officers, and the United States, its agents, and its employees from any claims whatsoever arising in connection with the seizure and/or forfeiture of the assets listed above.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets that Defendant is agreeing to forfeit in this Plea Agreement.

Defendant waives all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

Defendant knowingly and voluntarily waives Defendant's right to a jury trial on the forfeiture of these assets.

Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to forfeiture.

14.    Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

15.    Restitution

The United States and Defendant agree that restitution is appropriate and mandatory, without regard to Defendant's economic situation, to identifiable victims, including the Super Wash Laundromat, who have suffered physical injury or pecuniary loss, pursuant to 18 U.S.C. §§ 3663A, 3664.

Pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay restitution for all losses caused by Defendant's individual conduct, in exchange for

PLEA AGREEMENT - 9

the United States not bringing additional potential charges, regardless of whether counts associated with such losses will be dismissed as part of this Plea Agreement. With respect to restitution, the United States and Defendant agree to the following:

        a.    <u>Restitution Amount and Interest</u>

The United States and Defendant stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution in an amount to be determined at the time of sentencing or a hearing on restitution, and that any interest on this restitution amount, if any, should be waived.

        b.    <u>Payments</u>

To the extent restitution is ordered, the United States and Defendant agree that the Court will set a restitution payment schedule based on Defendant's financial circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, Defendant agrees to pay not less than 10% of Defendant's net monthly income towards restitution.

        c.    <u>Treasury Offset Program and Collection</u>

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant understands that the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. 18 U.S.C. §§ 3572, 3613, and 3664(m).

Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

PLEA AGREEMENT - 10

1    Until Defendant's fine and restitution obligations are paid in full, Defendant

2    agrees fully to disclose all assets in which Defendant has any interest or over

3    which Defendant exercises control, directly or indirectly, including those held by a

4    spouse, nominee or third party.

5    Until Defendant's fine and restitution obligations are paid in full, Defendant

6    agrees to provide waivers, consents, or releases requested by the U.S. Attorney's

7    Office to access records to verify the financial information.

8    d.    Notifications and Waivers

9    Defendant agrees to notify the Court and the United States of any material

10   change in Defendant's economic circumstances (e.g., inheritances, monetary gifts,

11   changed employment, or income increases) that might affect Defendant's ability to

12   pay restitution.  18 U.S.C. § 3664(k).  Defendant also agrees to notify the United

13   States of any address change within 30 days of that change.  18 U.S.C.

14   § 3612(b)(1)(F).  These obligations cease when Defendant's fine and restitution

15   obligations are paid in full.

16   Defendant acknowledges that the Court's decision regarding restitution is

17   final and non-appealable; that is, even if Defendant is unhappy with the amount of

18   restitution ordered by the Court, that will not be a basis for Defendant to withdraw

19   Defendant's guilty plea, withdraw from this Plea Agreement, or appeal

20   Defendant's conviction, sentence, or restitution order.

21   16.    Payments While Incarcerated

22   If Defendant lacks the financial resources to pay the monetary obligations

23   imposed by the Court, Defendant agrees to earn money toward these obligations by

24   participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

25   17.    Additional Violations of Law Can Void Plea Agreement

26   The United States and Defendant agree that the United States may, at its

27   option and upon written notice to the Defendant, withdraw from this Plea

28   Agreement or modify its sentencing recommendation if, prior to the imposition of

PLEA AGREEMENT - 11

1  sentence, Defendant is charged with or convicted of any criminal offense or tests
2  positive for any controlled substance.

3      18.    Waiver of Appeal Rights

4      Defendant understands that Defendant has a limited right to appeal or
5  challenge Defendant's conviction and the sentence imposed by the Court.

6      Defendant expressly waives all of Defendant's rights to appeal Defendant's
7  conviction and the sentence the Court imposes.

8      Defendant expressly waives Defendant's right to appeal any fine, term of
9  supervised release, or restitution order imposed by the Court.

10     Defendant expressly waives the right to file any post-conviction motion
11 attacking Defendant's conviction and sentence, including a motion pursuant to 28
12 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from
13 information not now known by Defendant and which, in the exercise of due
14 diligence, Defendant could not know by the time the Court imposes sentence.

15     Nothing in this Plea Agreement shall preclude the United States from
16 opposing any post-conviction motion for a reduction of sentence or other attack
17 upon the conviction or sentence, including, but not limited to, writ of habeas
18 corpus proceedings brought pursuant to 28 U.S.C. § 2255.

19     19.    Compassionate Release

20     In consideration for the benefits Defendant is receiving under the terms of
21 this Plea Agreement, Defendant expressly waives Defendant's right to bring any
22 motion for Compassionate Release other than a motion arising from one of the
23 specific bases set forth in this paragraph of this Plea Agreement.  The United States
24 retains the right to oppose, on any basis, any motion Defendant files for
25 Compassionate Release.

26     The only bases on which Defendant may file a motion for Compassionate
27 Release in the Eastern District of Washington are the following:

28         a.    Medical Condition of Defendant

PLEA AGREEMENT - 12

   i. Defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia; or

   ii. Defendant is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which Defendant is not expected to recover.

  b. <u>Age of Defendant</u>

   i. Defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process; and has served at least 10 years or 75 percent of Defendant's term of imprisonment, whichever is less; or

   ii. Defendant is at least 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which Defendant is imprisoned.

  c. <u>Family Circumstances</u>

   i. The caregiver of Defendant's minor child or children has died or become incapacitated, and Defendant is the only

PLEA AGREEMENT - 13

available caregiver for Defendant's minor child or children; or

 ii. Defendant's spouse or registered partner has become incapacitated, and Defendant is the only available caregiver for Defendant's spouse or registered partner.

 d. <u>Subsequent Reduction to Mandatory Sentence</u>

  i. Defendant pleaded guilty to an offense which, on the date of Defendant's guilty plea, carried a mandatory minimum sentence; and

  ii. after the entry of judgment, the length of the mandatory minimum sentence for Defendant's offense of conviction was reduced by a change in the law; and

  iii. the application of the reduced mandatory minimum sentence would result in Defendant receiving a lower overall sentence.

 e. <u>Ineffective Assistance of Counsel</u>

  i. Defendant seeks Compassionate Release based on a claim of ineffective assistance of counsel arising from information that Defendant both

   1. did not know at the time of Defendant's guilty plea, and

   2. could not have known, in the exercise of due diligence, at the time the Court imposed sentence.

20. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

 a. this Plea Agreement shall become null and void;

PLEA AGREEMENT - 14

b.     the United States may prosecute Defendant on all available charges;

c.     The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d.     the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and defenses Defendant might have to the United States' decision about how to proceed, including a claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

21.    Integration Clause

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and Signatures

PLEA AGREEMENT - 15

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

Richard R. Barker                                    11/22/22
Assistant United States Attorney        Date


I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

Opal Ann McClure                                    11-22-22
Defendant                                                 Date

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

Zachary Lynn Ayers                                  11-22-2022
Attorney for Defendant                           Date

PLEA AGREEMENT - 16