PROB 12C
(6/16)

Report Date: September 12, 2023

## United States District Court

**for the**

### Eastern District of Washington

**Petition for Warrant or Summons for Offender Under Supervision**

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 12, 2023

SEAN F. McAVOY, CLERK

| | |
|---|---|
| Name of Offender: Opal Ann McClure | Case Number: 0980 2:22CR00083-TOR-2 |
| Address of Offender: ███████████ Spokane, Washington 99205 | |
| Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge | |
| Date of Original Sentence: February 22, 2023 | |
| Original Offense: Passing of Counterfeit Currency, 18 U.S.C. § 472 | |
| Original Sentence: Prison - 165 Days; TSR - 36 Months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: Richard R. Barker | Date Supervision Commenced: March 1, 2023 |
| Defense Attorney: Zachary Lynn Ayers | Date Supervision Expires: February 28, 2026 |

### PETITIONING THE COURT

**To issue a SUMMONS.**

On March 2, 2023, Ms. Opal McClure signed her conditions relative to case number 2:22CR00083-TOR-2, indicating she understood all conditions as ordered by the Court.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. |
| | **Supporting Evidence**: Ms. Opal McClure is alleged to have violated mandatory condition number 3 on or about August 30, 2023, by ingesting both methamphetamine and fentanyl, based on the client's admission of such use and laboratory testing, respectively. |
| | Specifically, on August 28, 2023, the undersigned officer received notification that the client had failed to appear for random urinalysis testing with the contract provider when her assigned color was called on August 25, 2023. On August 28, 2023, a voice mail and text message were left for the client requesting a call back in regard to the missed obligation. The messages went without response. |
| | On August 29, 2023, the undersigned officer conducted unscheduled home contact with the client, who indicated she was currently ill and advised that she was preparing to travel to |

urgent care. Ms. McClure denied illicit drug use and was subsequently able to provide medical documentation verifying her engagement in medical services on the day in question, although not for the same symptoms that she had relayed to the undersigned officer.

On August 30, 2023, Ms. McClure reported to the U.S. Probation Office as required and submitted to urinalysis testing, the result of which proved presumptive positive for both fentanyl and methamphetamine. It should be noted that prior to testing Ms. McClure did admit to ingesting methamphetamine on about August 29, 2023, clarifying that she had relapsed after the home contact previously conducted by the undersigned officer. Ms. McClure denied any use of fentanyl and the sample was subsequently packaged and forwarded to the contract lab for verification, which later confirmed the sample as positive for fentanyl.

2  **Mandatory Condition #3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Supporting Evidence**: Ms. McClure is alleged to have violated mandatory condition number 3 by ingesting methamphetamine on or about September 11, 2023, based on her admission of such use.

Specifically, on September 7, 2023, the undersigned officer left a voice mail for and did send a text message to the client requesting a callback to further discuss the client's conduct as outlined in violation number 1. Ms. McClure failed to respond to the requests seeking contact.

On September 11, 2023, the undersigned officer was able to make contact with the client, who apologized, indicating that her phone had been previously shut off. Ms. McClure did commit to reporting on the day in question as directed for urinalysis testing and stated that she "should" be clean.

Ms. McClure subsequently reported as directed, and submitted to urinalysis testing, the result of which proved presumptive positive for methamphetamine and fentanyl. Ms. McClure signed a drug use admission form, admitting to her use of methamphetamine as previously occurring on or about September 6, 2023. Ms. McClure denied any intentional use of fentanyl.

Ms. McClure was again confronted as to her lack of honesty and transparency with the U.S. Probation Office, as well as the continued difficulty that the undersigned officer has experienced in reaching her in a timely manner. Ms. McClure apologized for the conduct and reaffirmed that she had relapsed on methamphetamine on or about September 6, 2023, describing a combination of both experienced anxiety and depression. Ms. McClure again denied any intentional use of fentanyl, but admitted that the substance could have been present in the methamphetamine that she ingested. Ms. McClure's provided urinalysis sample was packaged and forwarded to the lab for verification.

Prob12C
Re: McClure, Opal Ann
September 12, 2023
Page 3

3   **Standard Condition #12**: If this judgment imposes restitution, a fine, or special assessment, it is a condition of supervised release that you pay in accordance with the Schedule of Payments sheet of this judgment. You shall notify the probation officer of any material change in your economic circumstances that might affect your ability to pay any unpaid amount of restitution, fine, or special assessments.

**Supporting Evidence**: Ms. Opal McClure is alleged to have violated standard condition number 12 by failing to pay any amount toward her Court ordered financial obligation as required by the Schedule of Payments sheet of her judgment, for a period of over 4 months, and since inception on supervised release beginning March 1, 2023.

Specifically, on March 2, 2023, Ms. McClure reported to participate in her intake to supervised release. As a part of this process, a financial restitution agreement was reviewed and completed with her, which mirrored those obligations as outlined in the Schedule of Payments sheet of her judgment. Ms. McClure did commit to paying $100 monthly effective April 1, 2023, toward the owed obligation as required by the Court.

On September 1, 2023, during a periodic review of the client's owed financial obligations, it was determined that Ms. McClure had not been paying toward the obligation as required or directed. Ms. McClure was contacted and advised that she had completely forgotten the obligation, but committed to paying toward the amount beginning in September 2023, once she received owed financial assistance for attending school. Ms. McClure further committed to paying toward the obligation on a monthly basis, as required, moving forward.

The U.S. Probation Office respectfully recommends the Court **issue a SUMMONS** requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    September 12, 2023

s/ Chris Heinen

Chris Heinen
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

Thomas O. Rice
United States District Judge

September 12, 2023
Date